**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**REUBEN AMES,**

    Petitioner,

**-vs-**                                             **Case No.  8:04-CV-2775-T-30MAP**

**UNITED STATES OF AMERICA,**

    Respondent.
_____

## ORDER

This matter comes before the Court upon Petitioner's Motion for 60(b) Civil Procedure Pursuant to the Provisions of the Newly Discovered Evidence Doctrine (Dkt. 18). After close consideration of the record and Petitioner's argument in support of the Rule 60 motion, this Court concludes that said motion should be denied.

The Court denied Defendant's Motion to Vacate, Set Aside, or Correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 on July 7, 2006.  (Dkt. 8.)  Judgment was entered on July 10, 2006.  (Dkt. 9.)  The appellate court denied Petitioner's request for a certificate of appealability pursuant to 28 U.S.C. § 2253 on November 20, 2006.  (Dkt. 16.)[1] Petitioner delayed nearly seventeen months after final judgment was entered denying his §

---

[1] Title 28 U.S.C. § 2253 provides that an appeal may not be taken from a district judge's ruling on a state prisoner's habeas corpus proceeding or a proceeding under section 2255 unless a "circuit justice or judge" issues a "certificate of appealability."

2255 motion before moving for relief under Rule 60(b)(2). Rule 60(c)(1) provides that a Rule 60(b)(1), (2), or (3) motion must be filed within one year after the entry of judgment. Fed.R.Civ.P. 60(c)(1). Since Petitioner did not file his Rule 60(b)(2) motion until December 14, 2007, the motion is untimely.[2] Id.

Were the motion timely, Petitioner would not be entitled to the relief he seeks. Rule 60(b), which outlines six bases for relief from a final judgment, provides, in relevant part, that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding [based on] . . . newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); . . . or any other reason that justifies relief." Fed.R.Civ.P. 60(b)(2) & (6). See Williams v. North Florida Regional Medical Center, Inc., 164 Fed. Appx. 896, 898 (11th Cir. 2006). Relief based on newly discovered evidence requires all of the following: (1) the evidence must be newly discovered since the final judgment order; (2) the movant must have exercised due diligence in discovering the new evidence; (3) the evidence cannot be merely cumulative or impeaching; (4) the evidence must be material; and (5) the new evidence must be such that

---

[2]To the extent that Petitioner's motion may be read as a request for relief under the catch-all provisions of Rule 60(b)(6), the Eleventh Circuit has repeatedly held that if a situation falls more naturally under another 60(b) subsection, then 60(b)(6) cannot be used to justify relief. A court "may not consider as reasons justifying relief under clause (6) any of the reasons justifying relief under the other five subsections of the rule." Hall v. Alabama, 700 F.2d 1333, 1338 (11th Cir. 1983) (citing Klapprott v. United States, 335 U.S. 601, 614-15 (1949)). See also Cavalliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993). Because Petitioner's allegation of newly discovered evidence fits more naturally under the new evidence prong of 60(b)(2) than into the catch-all category of 60(b)(6) and the two provisions are mutually exclusive, the arguments raised by Petitioner cannot also provide a basis for relief under 60(b)(6). See Williams v. North Florida Regional Medical Center, 164 Fed. Appx. 896, 899 (11th Cir. 2006).

it would produce a different outcome in the underlying action. Waddell v. Hendry County Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003).

In support of his "newly discovered evidence" claim, Petitioner relies on "information that he received from the U.S. Department of Justice (Freedom of Information) on October 29, 2007[,] requesting information concerning the Sarasoto [sic] police department and the DEA/joint tast [sic] force use of video surveillance equipment without receiving proper authorization under Title III of the Omnibus Crime Control and Safe Streets Act of 1968."[3] (Dkt. 18 at 1-2.) Petitioner asserts that he is entitled to a new trial based on his allegation that "law enforcement us[ed] a warehouse that was equipped with *unauthorized* video surveillance cameras[ ] to monitor the alleged drug suspects without their knowledge during a sting operation whereas the Government was supplying the drugs [sic] cocaine." (Dkt. 18 at 2.)

At trial, the prosecution introduced into evidence the videotape memorializing the transaction that led to Petitioner's arrest on November 12, 2001. Petitioner has failed to demonstrate that the Court erred in admitting the video recording into evidence, much less that the outcome of his prosecution would have been different if the video recording had been suppressed. Mere speculation is not sufficient to support setting aside a criminal conviction.

---

[3]"Title III prohibits electronic surveillance by the federal government except under specific circumstances," see United States v. Canales Gomez, 358 F.2d 1221, 1224 (9th Cir. 2004), and requires that the government demonstrate "probable cause for belief that an individual is committing, has committed, or is about to commit" a specified criminal offense as a prerequisite for the authorization. 18 U.S.C. 2518(3)(a).

It is, therefore, **ORDERED** and **ADJUDGED** that Petitioner's Motion for 60(b) Civil Procedure Pursuant to the Provisions of the Newly Discovered Evidence Doctrine (Dkt. 18) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on March 14, 2008.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

S:\Odd\2004\04-cv-2775 Rule 60(b).wpd